UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAURICE ANTHONY BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY FITZGERALD,<br><br>    Defendant. | Case No. 3:23-cv-05851-TMC<br><br>ORDER GRANTING MOTION TO DISMISS |

    Pro se Plaintiff Maurice Anthony Brown sued Defendant Kelly Fitzgerald, an Assistant Attorney General for the State of Washington, based on actions AAG Fitzgerald took as defense counsel in a separate civil case brought by Mr. Brown. Before the Court is Defendant's motion to dismiss. Dkt. 18. Because AAG Fitzgerald has either absolute or qualified immunity from suit, the court GRANTS the motion and DISMISSES this case with prejudice.

## I.  BACKGROUND

    Mr. Brown is a citizen of Florida who brings this suit pro se against Assistant Attorney General Kelly Fitzgerald. Dkt. 12. AAG Fitzgerald is counsel for the defendants in a different civil suit brought by Mr. Brown in this district. *See Brown v. Michaelis et al.*, No. 2:22-cv-00828-LK-GJL (W.D. Wash.). Mr. Brown filed this lawsuit on September 20, 2023 against AAG Fitzgerald and Attorney General Bob Ferguson. Dkt. 1. On December 20, 2023, based on

ORDER GRANTING MOTION TO DISMISS - 1

its own review of the complaint under 28 U.S.C. § 1915, the Court dismissed Mr. Brown's claims against AG Ferguson and his claims against AAG Fitzgerald in her official capacity with prejudice. Dkt. 9. The Court allowed Mr. Brown leave to amend his claims against AAG Fitzgerald in her personal capacity. *Id.* Mr. Brown amended his complaint on January 8, 2024. *See* Dkt. 10, 11, 12.

Mr. Brown's amended complaint alleges that AAG Fitzgerald violated the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the U.S. Constitution; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68; and the Freedom of Information Act, 5 U.S.C. § 552. Dkt. 12 at 3. Mr. Brown writes that "Fitzgerald did prohibit my rights from being adjudicated by not making available pertinent documents as requested. Fitzgerald admitted to me on the phone that they withheld documents and I wouldn't get justice because a judge already made a decision." Dkt. 12 at 5. Mr. Brown's motion for leave to amend his complaint asked the Court to also incorporate "the complaint filed on September 20th 2023 as 'additional pages' for purposes of an official statement of the facts." Dkt. 10 at 1. In that document, Mr. Brown made the following factual allegations against AAG Fitzgerald:

- "[O]n August 10, 2023 the assistant attorney general Kelly A Fitzgerald informed me that a judge has made a ruling on the tort claim that I've filed with the District Court and that the judges decision on having 44 pages of P-33049 public disclosure page unredacted was in fact denied. Assistant Attorney General Fitzgerald is as deceptive, I never filed any motion on tort claim No 3101010497 in any district court, nor did any district court judge make any ruling . . . ." Dkt. 6 at 1–2.

- "Ms. Fitzgerald began her deception, lying to me in late April early May 2023, where I called her on tort claims No 310101497, 3101007360, 7358 where she informed me she knew absolutely nothing of her office having [them] . . . ." *Id.* at 2.

- "Assistant Attorney Fitzgerald . . . lied, they tampered and withheld evidence, while crucial in my 2:22-CV-00828-LK-JRC ongoing cases." *Id.*

- "[T]his assistan[t] attorney general office have stolen my tort claims to hide, alter to favor the outcome for department of corrections, while making themselves witnesses in the very DOC case they were supposed to defend . . . ." *Id.*

ORDER GRANTING MOTION TO DISMISS - 2

Although Mr. Brown's allegations are difficult to discern, read as a whole, his filings seem to allege that AAG Fitzgerald withheld copies of previous tort claims he filed that he requested from her and contends are evidence in his other civil case. AAG Fitzgerald moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing she is entitled to absolute or qualified immunity and that Mr. Brown has failed to state a claim on which relief may be granted. For the reasons explained below, the Court GRANTS the motion.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Rule 12(b)(1) Motion to Dismiss

A Rule 12(b)(1) motion seeks dismissal of a claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Such challenges may be either "facial" or "factual." "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* Where, as here, the Court responds to a facial attack, the Court will resolve the challenge "as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.*

#### 2.   Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon

which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B.      Ninth Circuit law is unsettled on whether AAG Fitzgerald is entitled to absolute immunity.**

AAG Fitzgerald first argues she is entitled to absolute immunity because Mr. Brown has sued her for actions taken as government defense counsel in a separate civil lawsuit. *See* Dkt. 18

at 5–6. She relies on *Fry v. Melaragno*, 939 F.2d 832 (9th Cir. 1991), in which the Ninth Circuit stated broadly that "[w]hether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing," she is entitled to absolute immunity "[i]f the government attorney is performing acts intimately associated with the judicial phase of the litigation." *Id.* at 837 (internal quotation marks omitted). AAG Fitzgerald's conduct in responding to Mr. Brown's request for documents while defending government actors in civil litigation would fall within this broad definition, and following *Fry*, other courts in this District applied it to grant absolute immunity to government attorneys defending civil cases. *See, e.g.*, *Kim v. Stahman*, No. CV-10-0213-RHW, 2010 WL 1655606, at *3 (W.D. Wash. Apr. 19, 2010) (granting absolute immunity to AUSA for "tactical decisions and procedural motions" while defending civil litigation).

But in *Stapley v. Pestalozzi*, 733 F.3d 804 (9th Cir. 2013), while not overruling *Fry*, the Ninth Circuit backed away from *Fry*'s broad language and limited its scope. In *Stapley*, the Ninth Circuit reiterated that "the functional nature of the activities being performed, not the status of the person performing them, is the key to whether absolute immunity attaches." *Id.* at 810 (citing *Forrester v. White*, 484 U.S. 219, 229 (1988)). It explained that *Fry* was limited to the context of "suits brought against government attorneys who had brought civil tax enforcement proceedings," that "the scope of immunity for other types of civil suits was not at issue," and that the Supreme Court "has never stated that government attorneys receive absolute immunity for all litigation-related conduct, even in criminal cases." *Id.* at 810–11. To analyze the defendants' claim in *Stapley* of absolute immunity from "claims arising out of their initiation of [a] civil RICO suit," the Ninth Circuit examined whether their actions were sufficiently "analogous to those of a prosecutor" and concluded they were not. *Id.* at 811–12. The court noted that the defendants were "in the same position as private lawyers" and "did not act in a uniquely

ORDER GRANTING MOTION TO DISMISS - 5

governmental role," in contrast to absolute immunity cases where "the government attorney was taking action that only a legal representative of the government could take." *Id.*

Under *Stapley*, AAG Fitzgerald's actions defending her government clients are arguably more analogous to that of a private defense attorney than a prosecutor, counseling against the extension of absolute immunity. But even after *Stapley*, the Ninth Circuit has upheld (in an unpublished decision) the application of absolute immunity to government attorneys defending civil cases based on *Fry*. *See, e.g.*, *Ray v. Jefferson*, 707 F. App'x 885, 885 (9th Cir. 2017). In *Ray*, the pro se plaintiff had sued municipal attorneys "based on their handling of his prior civil rights action . . . and their representation of the Defendants in that action," including allegedly making a "fraudulent motion for summary judgment." *Ray v. Jefferson*, No. 16-cv-02652-YGR (PR), 2017 WL 7726700, at *1 (N.D. Cal. Apr. 27, 2017). The Ninth Circuit affirmed the District Court's application of absolute immunity because the plaintiff "failed to allege facts sufficient to show that Jefferson's actions were not 'intimately associated with the judicial phase of litigation.'" 707 F. App'x at 885 (quoting *Fry*, 939 F.2d at 837). Neither the District Court nor the Ninth Circuit in *Ray* addressed *Stapley*.

Based on the decision in *Ray*, this Court concludes that it is likely—but far from certain—that AAG Fitzgerald is entitled to absolute immunity because Mr. Brown's claims are based on her responses to his requests for records while defending government clients in civil litigation, acts "intimately associated with the judicial phase of litigation." *Fry*, 939 F.2d at 837.

C.  **AAG Fitzgerald is entitled to qualified immunity.**

But even if AAG Fitzgerald is not protected by absolute immunity, the claims against her must still be dismissed based on qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S.

ORDER GRANTING MOTION TO DISMISS - 6

658, 664 (2012). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* (cleaned up). Although the qualified immunity doctrine does not "require a case directly on point" to show that a right is clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Mr. Brown has not cited, and this Court has not found, any existing precedent demonstrating that the allegations against AAG Fitzgerald, taken as true, violate Mr. Brown's clearly established statutory or constitutional rights. *See Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011) ("The plaintiff bears the burden to show that the contours of the right were clearly established."). Mr. Brown alleges that AAG Fitzgerald withheld documents he requested from her that are relevant to another civil case in which AAG Fitzgerald is defense counsel. This is a dispute that should be resolved through discovery motions in that civil case, not new claims under Section 1983. There is no caselaw clearly establishing that AAG Fitzgerald's alleged actions violate the Fourth, Fifth, Eighth, Ninth, or Fourteenth Amendments, or the RICO Act.[1] AAG Fitzgerald is entitled to qualified immunity and the Court dismisses these claims with prejudice.

D.      **Mr. Brown has not sufficiently alleged a FOIA violation.**

Mr. Brown also contends that AAG Fitzgerald's actions violate the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552. But AAG Fitzgerald works for a state agency, not a federal one, and FOIA claims may be brought only against federal agencies, not individuals.

---

[1] Although the Ninth Circuit has not directly addressed the question, several district courts and other circuits have concluded that qualified immunity may be asserted as a defense to RICO claims. *See Smolek v. Sagar*, No. CV074878CASPLAX, 2008 WL 11424200, at *8 (C.D. Cal. Apr. 7, 2008) (collecting cases).

ORDER GRANTING MOTION TO DISMISS - 7

*Drake v. Obama*, 664 F.3d 774, 785–86 (9th Cir. 2011). Mr. Brown's FOIA claims against AAG Fitzgerald must also be dismissed.

### III.  CONCLUSION

For the reasons explained above, AAG Fitzgerald is entitled to either absolute or qualified immunity for Mr. Brown's constitutional and RICO claims, and there is no private right of action against an individual for alleged FOIA violations. The Court therefore GRANTS Defendant's motion to dismiss (Dkt. 18) and DISMISSES Mr. Brown's complaint with prejudice. The Clerk is directed to enter judgment in favor of Defendants and close the case.

Dated this 1st day of August, 2024.

Tiffany M. Cartwright
United States District Judge